1

2

3

4

5

6

7

O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JAN 11 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

8

9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

10

11   ENGUERBERTO PORTILLO,       )   Case No. CV 09-653 RNB
                                  )
12                    Plaintiff,  )
                                  )
13         vs.                    )   MEMORANDUM OPINION AND
                                  )   ORDER REVERSING DECISION OF
14   MICHAEL J. ASTRUE,           )   COMMISSIONER AND REMANDING
     Commissioner of Social Security, )   FOR FURTHER ADMINISTRATIVE
15                                )   PROCEEDINGS
                    Defendant.    )
16   ─────────────────────────────

17

18         The Court now rules as follows with respect to the one disputed issue listed in

19   the Joint Stipulation.[1]

20         Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly

21   consider plaintiff's medical-vocational profile in making his determination of

22   disability. Specifically, plaintiff contends that there was sufficient evidence before

23   the ALJ to trigger an obligation on the ALJ's part to develop the record further with

24   ─────────────────────────────

25         [1]   As the Court advised the parties in its Case Management Order, the
26   decision in this case is being made on the basis of the pleadings, the Administrative
     Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule
27   12(c) of the Federal Rules of Civil Procedure, the Court has determined which party
28   is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  respect to whether plaintiff's vocational profile qualified for a finding of disability
2  under the "arduous employment" exception provided by 20 C.F.R. §§ 404.1562(a) and
3  414.962(a).

4        In response, the Commissioner pointed out in the Joint Stipulation that, in order
5  to qualify as disabled under the "arduous employment" exception, plaintiff must have
6  had no more than a marginal education and work experience of 35 years or more
7  during which he did only arduous **unskilled** physical labor.  The Commissioner
8  contended that plaintiff did not qualify under the exception because his past work as
9  a painter constituted skilled work.

10        In reply to the Commissioner's position, plaintiff did not dispute that his past
11  work constituted skilled work.  Instead, plaintiff contended that the Commissioner's
12  response failed because it was in direct conflict with both the Commissioner's
13  regulations and the explanation provided in DI 25010.001B of the Programs
14  Operations Manual ("POMS").  20 C.F.R. §§ 404.1565(a) and 416.965(a) provide:

15       "If you have acquired skills through your past work, we consider you to
16       have these work skills unless you cannot use them in other skilled or
17       semi-skilled work that you can now do.  If you cannot use your skills in
18       other skilled or semi-skilled work, we will consider your work
19       background the same as unskilled."

20

21  Further, the POMS specifically states that the arduous labor rule "would not
22  necessarily be defeated by very short periods of semi-skilled work or skilled work if
23  no transferable skills exist or by longer periods of semi-skilled or skilled work if it is
24  clear that the skill acquired is not readily transferable to lighter work and makes no
25  meaningful contribution to an individual's ability to do any work within his or her
26  present functional capacity."  Here, as plaintiff pointed out, the vocational expert
27  testified that none of plaintiff's skills from his past work as a painter were
28  transferrable to lower exertional levels.  (See AR 41).

1    The Surreply filed by the Commissioner was nonresponsive to plaintiff's
2    contention that the Commissioner's response was in direct conflict with the provision
3    of 20 C.F.R. §§ 404.1565(a) and 416.965(a) quoted above.   As for plaintiff's
4    contention that the Commissioner's response also was in direct conflict with the
5    explanation provided in POMS DI 25010.001B, the Commissioner acknowledged
6    that, while the internal operating and policy instructions contained in the POMS do
7    not have the force of law, they are persuasive authority.   The Commissioner
8    contended, however, that plaintiff had not demonstrated that he qualified under the
9    POMS exception because plaintiff had not shown that the skills he acquired from his
10   past work as a painter made no meaningful contribution to his current ability to do any
11   work within his present functional capacity for medium work with no exposure to
12   generating electricity.   The  Commissioner further contended that, even if plaintiff
13   established qualification under POMS DI 25010.001B, no reversible error was
14   committed by the ALJ because "the exception is explicitly one of administrative
15   discretion."
16       The problem the Court has with the Commissioner's position as articulated in
17   the Surreply is that there is no indication on the face of the ALJ's decision that the
18   ALJ even considered whether plaintiff's vocational profile qualified for a finding of
19   disability under the "arduous employment" exception provided by 20 C.F.R. §§
20   404.1562(a) and 414.962(a), consistent with 20 C.F.R. §§ 404.1565(a) and 416.965(a)
21   and POMS DI 25010.001B, let alone any indication that the ALJ made a deliberate
22   decision to exercise his supposed "administrative discretion" not to apply the POMS
23   exception.
24       Moreover, with respect to plaintiff's alleged failure to show that the skills he
25   had acquired from his past work as a painter made no meaningful contribution to his
26   current ability to do any work within his present functional capacity, even though the
27   Commissioner is correct that plaintiff bears the burden of proving entitlement to
28   disability benefits, the law is clear that the ALJ has a special duty in social security

3

cases "to fully and fairly develop the record and to assure the claimant's interests are considered," and that "[t]his duty exists even when the claimant is represented by counsel." See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  The Court finds that the ALJ in this instance failed in his duty to fully and fairly develop the record with respect to the issue of whether the skills plaintiff had acquired from his past work as a painter made any meaningful contribution to his current ability to do any work within his present functional capacity.

IT THEREFORE IS ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED:  January 8, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

4